```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION

DAVID L. SEENEY                 :
                                :
     Plaintiff,                 :      CIVIL ACTION
                                :
v.                              :      NO. 1:13-cv-347-TWT-ECS
                                :
NATIONSTAR MORTGAGE, LLC        :
                                :
     Defendant.                 :
```

**FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the motion to set aside the Clerk's entry of default, [Doc. 6], and the motion to dismiss the complaint, [Doc. 7], filed by Nationstar Mortgage, LLC ("Nationstar"). For the reasons expressed herein, **IT IS RECOMMENDED** that both motions be **GRANTED**.

**I.**
**Background**

On February 1, 2013, Plaintiff, proceeding pro se, initiated the present action by filing a complaint against Nationstar, alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. [Doc. 1]. The gist of Plaintiff's complaint is that Nationstar did not respond to three alleged "qualified written requests" ("QWRs") with all of the information

he requested or within the time required by RESPA or TILA. See [id. ¶¶ 7-29]. Plaintiff seeks $10,000 in "statutory damages," $10,000 for "emotional distress and fraudulent concealment," and "reasonable costs and fees." [Id. at 7].

On February 12, 2013, Plaintiff filed a process server's affidavit, which he signed himself, stating that "pursuant to federal rules of civil procedure 4, a registered mail receipt requested [sic] was sent February 2, 2013 to Nationstar Mortgage LLC." [Doc. 2 at 1].

On September 4, 2013, with no answer appearing on the docket, Plaintiff filed a motion for entry of default, [Doc. 5], which the Clerk entered on September 6.

On October 4, 2013, Nationstar filed the motion to set aside the entry of default that is presently before the Court. [Doc. 6]. The same day, Nationstar filed a motion to dismiss the complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, which is also currently pending. [Doc. 7]. Plaintiff has filed no response in opposition to either motion. Accordingly, Nationstar's motion to set aside the entry of default and motion to dismiss are both deemed unopposed. See LR 7.1B, NDGa.

## II.
## Motion to Set Aside Entry of Default

Nationstar argues that the Court should set aside the Clerk's

2

entry of default because Plaintiff never served Nationstar with process in the manner provided by the Federal Rules of Civil Procedure. [Doc. 6-1 at 2]. As noted above, this motion is unopposed.

The Court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). The Eleventh Circuit has stated that "'[g]ood cause' is a mutable standard, varying from situation to situation." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)). Although "'good cause' is not susceptible to a precise formula," id., courts in the Eleventh Circuit have often weighed the following factors: (1) whether the default was culpable or willful, (2) whether setting aside default would prejudice the non-moving party, and (3) whether the defaulting party has presented a meritorious defense. See id.; Intercontinental Hotels Grp., Inc. v. Weis Builders, Inc., No. 1:06-CV-1213-WSD, 2007 WL 2705559, at *1 (N.D. Ga. Sept. 12, 2007); Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1480 (N.D. Ga. 1997). These factors are not "talismanic" but serve as guidelines. Compania, 88 F.3d at 951; Intercontinental, 2007 WL 2705559, at *1; Atlanta Collections, LLC v. Khatib, No. 1:07-CV-706-JOF, 2007 WL 3479229, at *2 (N.D. Ga. Oct. 31, 2007). The Eleventh Circuit views defaults with disfavor because of its strong policy for resolving

cases on their merits. See Fla. Phy.'s Ins. v. Ehlers, 8 F.3d 780 (11th Cir. 1993) (citing Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1510 (11th Cir. 1984)).

Applying the above factors, it is clear that the entry of default in this case should be set aside. First, Nationstar's purported default was not culpable or willful because service of process was facially improper. Rule 4 of Federal Rules of Civil Procedure requires service by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). Here, Plaintiff attests that he served Nationstar himself –– not someone who is "not a party."[1] [Doc. 2]. See Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) ("[T]he district court properly set aside its entry of default against the [defendant], as the [defendant] was never correctly served [plaintiff's] complaint and thus had good cause not to timely respond to that complaint.").

Second, the record is devoid of any evidence to indicate that Plaintiff would experience any particular prejudice from setting aside default, and Plaintiff has not come forward with any argument to the contrary. Cf. United States v. Andrews, No. 1:09-CV-112, 2010

---

[1] There is also no evidence that service was made either personally on an officer, a managing or general agent, any other agent authorized by appointment or by law to receive service of process, or in any manner authorized by state law. See Fed. R. Civ. P. 4(h)(1)(A)-(B). Service by mail is generally insufficient. See infra Part III.A.

WL 2507278, at *2 (M.D. Ga. June 15, 2010) ("The [plaintiff] would suffer prejudice in a general sense as a result of setting aside the default. However, the [plaintiff] has put forth no evidence showing that it would suffer any particular prejudice, like the loss of evidence.").

Finally, Nationstar has a meritorious defense to Plaintiff's claims. As mentioned above, Nationstar raises the defense of insufficient service of process. See [Doc. 7-1 at 2]. Nationstar also argues that Plaintiff's complaint fails to state claims for relief under RESPA or TILA and has filed a motion to dismiss contemporaneously with the motion to set aside default. [Doc. 6-1 at 5]; see also [7-1 at 6-12]. These defenses are sufficiently meritorious —— and not opposed by Plaintiff —— to warrant setting aside the entry of default. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."); Descent v. Kolitsidas, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("[T]he defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief.").

Accordingly, **IT IS RECOMMENDED** that Nationstar's unopposed motion to set aside the Clerk's entry of default be **GRANTED**.

5

AO 72A
(Rev.8/82)

## III.
## Motion to Dismiss

Nationstar moves to dismiss Plaintiff's complaint for insufficient service of process and for failure to state a claim for which relief may be granted. [Doc. 7]. As noted above, Nationstar's motion to dismiss is unopposed.

**A.   Insufficient Service of Process**

Nationstar first argues that Plaintiff's complaint should be dismissed because his attempt at service was insufficient under either federal or Georgia law. [Doc. 7-1 at 2-3]. The undersigned agrees.

Rule 12(b)(5) provides that a motion to dismiss may be granted for insufficient service of process. Under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court —— on motion or on its own after notice to the plaintiff —— must dismiss the action without prejudice against the defendant or order that service be made within a specified time." "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). When service of process is challenged, the burden of establishing its validity falls upon the party obligated to make the service. See Aetna Bus. Credit, Inc. v. Universal Decor &

6

Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981) (citing Familia de Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980)).[2]

Under the federal rules, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). If, as in this case, the defendant is a "corporation, partnership, or association," service may be effected in one of two ways: (1) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," or (2) by following state law for service in the state where the federal district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A)-(B). Georgia law generally provides for service upon a limited liability company by delivering a copy of the summons and the complaint to the president, other officer, managing agent, or registered agent of the company. See O.C.G.A. §§ 9-11-4(e)(1)(A), 14-2-504, 14-2-1510, 14-11-209, 14-11-703; Brock Built City Neighborhoods, LLC v. Century Fire Prot., LLC, 671 S.E.2d 240, 241-42 (Ga. Ct. App. 2008) (applying statute for effecting service upon corporation to limited liability company). Additional

---

[2] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

procedures for effecting service come into play if the service described above "cannot be had in such manner," O.C.G.A. § 9-11-4(e)(1)(A), or if the company "has no registered agent or the agent cannot with reasonable diligence be served." §§ 14-2-504(b), 14-2-1510(b).

In this case, Plaintiff's proof of service consists of a process server's affidavit, in which Plaintiff states that "a registered mail receipt requested was sent" to "Nationstar Mortgage LLC, 350 Highland Dr., Lewisville, TX 75067," addressed to no individual in particular. [Doc. 2 at 1]. He does not identify what documents, if any, he sent to that address by registered mail.

Plaintiff has not properly served Nationstar with process under the federal rules or under Georgia law. First, both the federal rules and Georgia law prohibit service by a party, see Fed. R. Civ. P. 4(c)(2); O.C.G.A. § 9-11-4(c)(4), but Plaintiff signed the process server's affidavit himself. Second, Plaintiff does not contend (1) that he personally served Nationstar's president or another officer, managing or general agent, or registered agent; (2) that service could "not be had in such manner"; (3) that Nationstar had no registered agent; or (4) that its registered agent could not with reasonable diligence be served. In fact, Plaintiff alleges in his complaint that Nationstar has a registered agent in Georgia, [Doc. 1 ¶ 3], but nothing in the record shows that service was ever

8

attempted upon that agent. Cf. Cherokee Warehouses, Inc. v. Babb Lumber Co., 535 S.E.2d 254, 255 (Ga. Ct. App. 2000) (extraterritorial service of process on officer of Tennessee corporation registered to do business in Georgia was invalid where corporation maintained a registered agent in Georgia for service of process).

Furthermore, although the federal rules and Georgia law both allow for a copy of the complaint to be mailed to the defendant along with a form for defendant's waiver of service, see Fed. R. Civ. P. 4(d); O.C.G.A. § 9-11-4(d), Plaintiff does not contend that he mailed a waiver form or that Nationstar ever executed one.

Accordingly, because Plaintiff has failed to show that he served Nationstar with process within 120 days of filing the complaint, the undersigned **RECOMMENDS** that Nationstar's unopposed motion to dismiss, [Doc. 7], be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**. See Fed. R. Civ. P. 4(m); 12(b)(5); Profit v. Americold Logistics, LLC, No. 1:07-CV-1920-TWT, 2008 WL 1902190, at *2 (N.D. Ga. Apr. 25, 2008) (federal rules and Georgia law both require personal service unless the defendant executes a waiver of service); Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997) ("[T]he mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not

sufficient under Georgia law to perfect service."); Madden v. Cleland, 105 F.R.D. 520, 523 (N.D. Ga. 1985) ("Georgia law has no provision for service by mail."); KMM Indus., Inc. v. Prof'l Ass'n, Inc., 297 S.E.2d 512, 513 (Ga. Ct. App. 1982) ("There is no provision in Georgia law which authorizes a party to serve a defendant corporation *directly* by certified or registered mail . . . .") (emphasis in original).

**B. Failure to State a Claim for Relief**

Alternatively, even if Plaintiff had properly effected service, Nationstar argues that the complaint would be subject to dismissal for failure to state a claim for relief. [Doc. 7-1 at 4]. Plaintiff's complaint is not organized into individual counts, but Nationstar identifies claims under RESPA and TILA as the only claims raised in the complaint. [Id. at 6-7]. Because Plaintiff has not opposed Nationstar's motion, the undersigned will accept Nationstar's characterization of the complaint for the purposes of this motion. See Arroyo v. Bank of Am., N.A., No. 1:13-CV-01767-RWS, 2013 WL 3785623, at *1 (N.D. Ga. July 18, 2013); Grant v. BAC Home Loans Servicing, LP, No. 1:11-CV-02253-RWS, 2012 WL 887590, at *1 (N.D. Ga. Mar. 15, 2012).

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly,

10

550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Accord Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. M.T.V. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006) (citation omitted); In re Johannessen, 76 F.3d 347, 349-50 (11th Cir. 1996). Although the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. 1955, 1965. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (brackets and internal quotation marks omitted). Allegations of fact "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S. Ct. 1955, 1965. "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

  In this case, Plaintiff's complaint fails to state a claim that

11

Nationstar violated RESPA, 12 U.S.C. § 2605(e), by not responding to his QWRs. In order to state a claim under RESPA for failure to respond to a QWR, a plaintiff must allege facts to show that: (1) the defendant is a loan servicer, (2) the plaintiff sent the defendant a valid QWR, (3) the defendant failed to adequately respond within the statutory period, and (4) the plaintiff is entitled to actual or statutory damages. Arroyo, 2013 WL 3785623, at *3; Jones v. Vericrest Fin., Inc., No. 1:11-CV-2330-TWT-CCH, 2011 WL 7025915, at *15 (N.D. Ga. Dec. 7, 2011), adopted, 2012 WL 113556 (Jan. 12, 2012). RESPA defines a QWR as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer," which: (1) requests information relating to the servicing of a loan; (2) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (3) states the reasons for the borrower's belief that the account is in error, or provides sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(A)-(B).

Here, in conclusory fashion, Plaintiff alleges that he sent two QWRs on December 4 and 18, 2011, to which Nationstar responded with "incomplete information." [Doc. 1 ¶¶ 10-13]. But Plaintiff did not provide any allegations about the content of his letters; he did not attach copies of the letters to the complaint; and he did not allege how Nationstar's response was "incomplete." With no facts to show

12

that the letters of December 4 and 18 met the statutory requirements of a QWR, or that Nationstar's response failed to discharge its duties under RESPA, Plaintiff's claim based upon these letters offers only "labels and conclusions," which is not enough to survive a motion to dismiss. See Twombly, 550 U.S. at 555, 127 S. Ct. 1955, 1965; Nelson v. Bank of Am., N.A., 1:11-CV-3890-TWT, 2012 WL 315400, at *3 (N.D. Ga. Jan. 31, 2012).

Plaintiff also alleges that he sent a third QWR on January 15, 2013, to which Nationstar "re[f]uses to respond." [Doc. 1 ¶¶ 14, 16]. Unlike the first two letters, Plaintiff did attach a copy of this letter to the complaint. [Doc. 1-2]. But, even assuming that this third letter meets the requirements of a QWR, Plaintiff's complaint could not truthfully allege that Nationstar failed to respond within the statutory thirty-day period, because Plaintiff filed the instant complaint only fourteen days after the date he claims Nationstar received his third letter. See [Doc. 1 ¶ 14]; 12 U.S.C. § 2605(e)(2). Accordingly, Plaintiff's complaint fails to state a claim for violation of RESPA.

Plaintiff has also failed to state a claim for relief under TILA, 15 U.S.C. § 1641(f)(2), by alleging that Nationstar failed "to identify the holder of the note within 10 days." [Id. ¶ 28]. First, contrary to Plaintiff's allegations, § 1641(f)(2) "does not set any particular deadline" for taking any action or giving any notice.

13

<u>Fazio v. Experian Info. Solutions, Inc.</u>, No. C 12-00497 CRB, 2012 WL 2119253, at *2 n.3 (N.D. Cal. June 11, 2012). Second, Plaintiff alleges that Nationstar is the servicer of his mortgage loan, [Doc. 1 ¶¶ 2-4, 16, 20], but the TILA provision that he claims was violated imposes liability only on creditors and certain assignees. <u>See</u> 15 U.S.C. §§ 1640(a), 1641(a); <u>Reed v. Chase Home Fin., LLC</u>, 723 F.3d 1301, 1303 (11th Cir. 2013) (per curiam). "[S]ervicers have no liability for violations of TILA unless they are the current or former owner of the loan." <u>Khan v. Bank of New York Mellon</u>, 849 F. Supp. 2d 1377, 1380 (S.D. Fla. 2012); <u>see also</u> <u>Hay v. Bank of Am.</u>, No. 1:12-CV-1596-RWS, 2013 WL 1339729, at *5 (N.D. Ga. Mar. 29, 2013), <u>reconsideration denied</u>, 2013 WL 5308017 (Sept. 19, 2013); <u>Davis v. Greenpoint Mortg. Funding, Inc.</u>, No. 1:09-CV-2719-CC-LTW, 2011 WL 7070221, at *4 (N.D. Ga. Mar. 1, 2011), <u>adopted in part</u>, <u>rejected in part on other grounds</u>, 2011 WL 7070222 (Sept. 19, 2011); <u>Consumer Solutions REO, LLC v. Hillery</u>, No. C-08-4357 EMC, 2010 WL 144988, at *3 (N.D. Cal. Jan. 8, 2010) (servicer not liable for damages under § 1641(f)(2) for failure to disclose information about owner of obligation); <u>Fullmer v. JP Morgan Chase Bank, NA</u>, No. 2:09-cv-1037 JFM, 2010 WL 95206, at *9 (E.D. Cal. Jan. 6, 2010) (same). Plaintiff does not allege that Nationstar is the creditor or assignee of his loan obligation —— in fact, he alleges that he does not know who the note holder or "rightful owners of his

14

mortgage" are. [Doc. 1 ¶¶ 9, 24]. Accordingly, Plaintiff's TILA claim is due to be dismissed.

In sum, even if Plaintiff had effected service of process upon Nationstar, his complaint would be subject to dismissal for failure to state a claim upon which relief can be granted.

### V.
### Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Nationstar's unopposed motion to set aside the Clerk's entry of default, [Doc. 6], be **GRANTED**.

The undersigned **FURTHER RECOMMENDS** that Nationstar's unopposed motion to dismiss the complaint, [Doc. 7], be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to perfect service of process or, in the alternative, for failure to state a claim upon which relief can be granted.

The adoption of this final report and recommendation will leave no claims to adjudicate. Accordingly, with no matters pending before the undersigned, the Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

**SO REPORTED AND RECOMMENDED**, this 21st day of November, 2013.

> s/ *E. Clayton Scofield III*
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

15